United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHAWN DAMON BARTH,

Plaintiff,

v.

RON BROOMFIELD, et al.,

Defendants.

Case No. 20-cv-08621-WHO

**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED**

Re: Dkt. Nos. 3, 4

Plaintiff Shawn Barth, a state prisoner and frequent litigant in federal court, has

filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed

*in forma pauperis* (IFP) under 28 U.S.C. § 1915. **Barth is ordered to show cause on or**

**before July 2, 2021 why 28 U.S.C. § 1915(g) does not bar pauper status.**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C.

§ 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in

any facility, brought an action or appeal in a court of the United States that was dismissed

on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g). Relying on the statute's command that "*in no event*" may such a

prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's

history of filing frivolous litigation rather than by the merits of the current action. *See El-*

*Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

Under the law of this circuit, a plaintiff must be afforded an opportunity to persuade

the court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*,

398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of

1    the potential applicability of section 1915(g), by either the district court or the defendants,

2    but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g)

3    does not bar pauper status for him. *Id.* *Andrews* implicitly allows the court to raise *sua*

4    *sponte* the section 1915(g) problem, but requires the court to notify the prisoner of the

5    earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner

6    an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal

7    under section 1915(g) means that a prisoner cannot proceed with his action as a pauper

8    under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the

9    outset of the action.

10       Here, Barth has had at least three prior prisoner actions or appeals dismissed by a

11   federal court on the grounds that they are frivolous, malicious, or that they failed to state a

12   claim upon which relief may be granted:

13       (1) *Barth v. Beard* ("*Beard*"), No. 2:16-cv-01469-DMG-RAO (C.D. Cal. Feb. 26,

14           2019) (complaint dismissed by a district judge upon the recommendation of a

15           magistrate judge,[1] because plaintiff failed to state a claim, and additionally one of

16           his four claims was *Heck*-barred on the face of the complaint, and two defendants

17           were entitled to sovereign immunity on the face of the complaint);

18       (2) *Barth v. Kernan* ("*Kernan*"), No. 2:18-cv-04763-DMG-RAO (C.D. Cal. Sept. 10,

19           2018) (complaint dismissed with leave to amend because plaintiff failed to state a

20           claim, one of his four claims was additionally *Heck*-barred on the face of the

21           complaint, and defendants were entitled to sovereign immunity on the face of the

22           complaint; ultimately dismissed because plaintiff failed to cure any defect upon

23           amendment); and

24       (3) *Barth v. Muniz* ("*Muniz*"), No. 3:18-cv-01242-WHO (N.D. Cal. May 31, 2019)

25           (amended complaint dismissed for failure to state a claim and because allegations

26

27   ---

     [1] That a magistrate judge, rather than a district judge, issued the order is of no moment. *See Hoffmann v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (holding that a dismissal
28   without prejudice by a magistrate judge, issued before the defendant filed a consent to magistrate jurisdiction, is still a strike under the PLRA.)

1    were prolix; suit ultimately dismissed after plaintiff failed to cure any defect upon

2    amendment).

3    Each of these dismissals counts as a strike under the Prison Litigation Reform Act

4    ("PLRA").

5    Both the *Beard* and *Kernan* dismissals are strikes.  The failure to state a claim

6    clearly constitutes a strike.  *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890,

7    893-94 (9th Cir. 2011) (recognizing that the failure to state a claim constitutes a strike).  In

8    addition, the Ninth Circuit has expressly held that where "*Heck*'s bar to relief is obvious

9    from the face of the complaint," "a dismissal may constitute a PLRA strike for failure to

10   state a claim."  *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th

11   Cir. 2016).  Similarly, "where an affirmative defense, such as immunity, [is] clear on the

12   face of the complaint that dismissal may qualify as a strike for failure to state a claim."

13   *Harris v. Harris*, 935 F.3d 670, 676 (9th Cir. 2019) (citation omitted).  In *Beard* and

14   *Kernan*, the magistrate and district judges screened the complaints, concluded that the

15   complaints were facially defective because they failed to state a claim, were barred by

16   *Heck*, and were barred by sovereign immunity, and dismissed for these obvious defects.

17   Both of these dismissals are strikes under the PLRA.

18   The dismissal in *Muniz* also constitutes a strike.  As noted above, the district court's

19   conclusion that plaintiff failed to state a claim is a strike.  *See Moore*, 657 F.3d at 893-94.

20   The failure to correct a prolix complaint after having been given leave to do so also

21   constitutes a strike.  *See Knapp v. Hogan*, 738 F.3d 1106, 1108–09 (9th Cir. 2013) ("We

22   hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short

23   and plain statement' requirement are strikes as 'fail[ures] to state a claim,' . . . when the

24   opportunity to correct the pleadings has been afforded and there has been no modification

25   within a reasonable time.") (citation omitted).  The dismissal in *Muniz* therefore is a strike

26   under the PLRA.

27   As noted above, there is a limited exception to the three-strikes rule that applies

28   when a "prisoner is under imminent danger of serious physical injury."  28 U.S.C.

3

1   § 1915(g). That exception does not apply here. Barth expressly challenges prison

2   officials' decision to move him multiple times between different prisons. He complains

3   that he "was sent to [San Quentin] as an adverse action," and that he has been transferred

4   "to 22 state prisons . . . in 8 years 10 months." (Dkt. No. 1 at 3.) Barth states that he

5   "[doesn't] want to be moved anymore," and asks that he be assigned "to RJD Donovan

6   level 2." (*Id.*) Barth's aversion to prison transfers does not constitute an imminent

7   physical danger.

8           In light of the above strikes, and because Barth is not threatened with imminent

9   danger of serious physical injury related to the wrongs complained of in this action, the

10  Court now orders him to show cause why IFP status should not be denied and the present

11  suit should not be dismissed pursuant to 28 U.S.C. § 1915(g).

12          Barth's response to this order to show cause is due no later than **July 2, 2021**. The

13  response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE." In the

14  alternative to showing cause why this action should not be dismissed, Barth may avoid

15  dismissal by paying the full filing fee by June 25, 2021. However, the Court notes for

16  Barth's benefit that this order does not reach the merits of his complaint, and that this

17  lawsuit may be dismissed for failure to state a claim even if Barth pays the filing fee in

18  full.

19          Failure to file a response by **July 2, 2021**, or failure to pay the full filing fee by that

20  date, will result in the dismissal of this action without prejudice to plaintiff bringing his

21  claims in a new paid complaint.

22          **IT IS SO ORDERED.**

23  **Dated:** May 17, 2021

24                                                  WILLIAM H. ORRICK
                                                    United States District Judge
25

26

27

28

4